Manly, J.
 

 The proceedings by which this case was carried into the Superior Court from the justice’s judgment, appeared upon their face to have been regular. It is only through the oral testimony, derived from the justice himself, that we learn there was no affidavit made by the appellant to obtain time to put in security for the appeal. The resort to such testimony to impeach the justice’s proceedings in respect to a matter of that kind, we think, is irregular-. Proof
 
 dehors
 
 the proceedings as recorded, may be introduced to contest the genuineness of the justice’s signature — to show an interpolation or forgery, or to show that it was done by the justice out of his county, where he had no jurisdiction, but it is inadmissible, we take it, to destroy the effect of the justice’s -conclusions and judgment, by showing that some formality, prescribed by law, has not been complied with, as upon a question of judgment or no judgment, that the witnesses were not sworn, or upon a question of time to appeal, that no affidavit was exacted.
 

 This is in accordance with, and not opposed to, the principle laid down in the case of
 
 Carroll
 
 v.
 
 McGee,
 
 3 Ire. 13, in which a well established principle is reaffirmed : that proceedings before a single justice, are not records
 
 proper,
 
 proving themselves upon production, but
 
 Wee
 
 records in the conclusiveness of their effects upon the parties.
 

 Orrmiapresumuniur rite esse acta,
 
 all things are presumed to be done rightly in judicial proceedings, if there be nothing apparent upon the recorded matter to show . the contrary. This presumption is not one of
 
 fact
 
 .to be rebutted by oral proofs, but is one of
 
 law,
 
 and conclusive upon the parties.
 
 *628
 
 Any other rule, it seems to us, would cause the proceedings of our justices’ courts to be as unstable as the varying memories of men. "We conclude, therefore, it was erroneous to go behind the judgment of the justice, upon the matter of plaintiff’s right of appeal, and show by oral testimony that something was not done, which ought to have been done, to justify that judgment. There is nothing on the face of the papers to show the conclusions of the magistrate erroneous, or that they were based upon defective or improper proof, and neither the justice, himself, nor any one else, can he heard, in that condition of the recorded evidence, to impeach the conclusions therein stated
 

 This opinion must he certified to the Superior Court of Ire-dell, to the end that the judgment, dismissing the appeal, may he reversed, and the case proceeded in according to law.
 

 Per Curiam,
 

 Judgment reversed.